The BARSTOW STOVE COMPANY vs. BONNELL.

EVIDENCE. (1) *Testimony in support of the defense pleaded, not to be excluded because defendant has testified to facts tending to establish another defense.*

EXCEPTIONS. (2) *Exceptions to charge of court, or to refusal to instruct, must be taken before jury retires.*

1. In an action upon an account for stoves, etc., sold by the plaintiff to defendant, the latter set up as a defense, or counterclaim, certain expenses incurred by him in putting up, taking down and returning to the former certain ranges alleged to have been sold him by plaintiff under a warranty, and with an agreement to take them back and pay such charges in case they should not work satisfactorily. Upon the trial, defendant, after testifying to such an agreement made with him by plaintiff at the time of the sale, and also to a breach of the warranty rendering it necessary to take down the ranges and return them, went on to state the details of a settlement between himself and the plaintiff, whereby the latter agreed to take back the ranges and offset the balance of his account with defendant against the charges above described. He then offered evidence of the amount of the expenses

so incurred by him, which was rejected. *Held*, that such rejection was error, and that defendant, in case he did not succeed in establishing the *settlement* with plaintiff to the satisfaction of the jury, was entitled to the benefit of all evidence bearing upon the original agreement.

2. Exceptions to the charge of the court, or to its refusal to give instructions asked, must be taken before the jury retire, or they will not be considered on appeal.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for the balance due upon an account for stoves, ranges and other articles of hardware sold by the plaintiff to defendant. The answer set up as a defense or counterclaim that the ranges enumerated in the plaintiff's account or complaint were furnished upon a warranty, and with an agreement on the part of the plaintiff that in case they did not work satisfactorily, he would take them back and compensate the defendant for all expenses incurred by him in putting up the ranges and taking them down again, with charges of transportation. It was further alleged that the ranges did not prove satisfactory, and that the defendant had returned them in pursuance of the agreement, at an expense exceeding the amount of the plaintiff's claim.

Upon the trial, the defendant, having testified to the agreement set forth in the complaint, and also to the breach of the warranty, went on to relate a subsequent agreement or settlement between himself and plaintiff, whereby the latter consented to receive back the ranges and offset the balance of his account against the expenses incurred by the former. He was then asked to state the amount of such expenses, but the answer was ruled out.

Verdict and judgment for plaintiff for $173.53. Defendant appealed.

*J. J. Orton*, for appellant.
*Davis & Flanders*, for respondent.

COLE, J. According to the bill of exceptions as finally set-

The Barstow Stove Company vs. Bonnell.

tled, no exceptions were taken either to the refusal of the court to give the instructions asked on the part of the defendant, or to the charge of the court, before the jury retired to consider of their verdict. No question, therefore, arising upon the charge or instructions can be considered, for the reason that proper exceptions were not taken in time to the rulings of the court upon those points. There are, however, a number of exceptions fairly presented by the record, which were argued by counsel in detail. In the view we have taken of the case, it becomes necessary to consider but one of these exceptions, which we deem fatal to the judgment. It is the exception taken to the refusal of the court to allow the defendant to prove, while giving his testimony on the trial, the expense of putting up the ranges and taking them down, in support of the defense or counterclaim set up in his answer.

The action was brought to recover the balance alleged to be due the plaintiff for stoves and hardware sold the defendant. Among the articles sold the defendant were four Barstow ranges, which the defendant claimed were furnished, with the fixtures belonging to them, upon an agreement and warranty that if they should not on trial answer the purpose for which they were recommended, the plaintiff would receive them back, and would pay and satisfy the defendant for all charges of transportation and expenses incurred by him in putting the ranges up and taking them down again. The defendant alleged in the answer, that these ranges did not give satisfaction on trial, and did not answer the purpose for which they were recommended and warranted, and that consequently he was entitled to be compensated for the expenses and charges which he had incurred in putting the ranges up and taking them down, and for paying transportation on them. The testimony offered and excluded was obviously intended to sustain this claim, by showing what the amount of this expense was. It seems to us the evidence was admissible and should have been received. It is argued that this testimony was properly excluded because

the defendant had just sworn that the agreement was that A.
C. Barstow was to take the ranges back, and the balance of the
account he was to give the defendant in consideration of and
as an offset to the expenses incurred in putting up and taking
down the ranges, and that therefore it was a matter of no im-
portance, if this testimony was true, what the amount of those
expenses was. It is undeniable that the defendant testified to
such an arrangement and settlement of the accounts between
him and Barstow, although this was not the defense set up and
relied on in the answer. He also testified, in substance, that
he agreed to receive the ranges only upon the warranty and in
consideration that the plaintiff would take them back if they
did not work properly, and pay all expense of putting them up
and taking them down. Now it is very apparent that the jury
might have found upon the evidence that this was really the
agreement and understanding of the parties, although not sat-
isfied that the evidence proved a settlement of the accounts as
testified to by the defendant. And there is no reason for de-
priving the defendant of the benefit of the first agreement, if it
should be proven to the satisfaction of the jury, though the
alleged settlement was not established. Now suppose the jury
had found, as they well might, perhaps, on the defendant's tes-
timony, that the plaintiff warranted the ranges to work as rec-
ommended, and that he agreed to take them back in case they
did not so work, and pay all expenses and charges attending
the transportation of the ranges, and for setting them up and
taking them down: then is it not plain that it was material to
show what the expense was? It seems to us in that view the
evidence offered and excluded was most material. We cannot
see how the defendant could establish the defense relied on in
his answer, unless he were allowed to give evidence of that
character. Nor could the jury determine the issues arising
upon the pleadings, and the real rights of the parties, in the
absence of the excluded testimony. It is no sufficient answer
to say the plaintiff denied the agreement as set up on the part

of the defendant, in regard to these expenses. Whether or not the counterclaim or offset was established, was one of the questions of fact to be determined by the jury. And clearly all pertinent testimony bearing upon that question should have been admitted.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial awarded.